OPINION
{¶ 1} Defendant-appellant, Crystal L. Riley, was indicted on one count of felonious assault, one count of murder, and one count of aggravated murder. After a jury trial, the trial court entered a nolle prosequi as to the aggravated murder charge and appellant was found guilty of felonious assault and murder. The trial court sentenced her to eight years of imprisonment for the felonious assault and a term of fifteen years to life of imprisonment for the murder, with the sentences to be served concurrently. For the following reasons, we affirm. *Page 2 
 {¶ 2} In appellant's appeal, she raised the following assignment of error:
 THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE F INVOLUNTARY MANSLAUGHTER.
 {¶ 3} By the assignment of error, appellant contends that the trial court erred in failing to instruct the jury on the lesser-included offense of involuntary manslaughter. In this case, the trial court asked the parties whether they were requesting jury instructions on lesser-included offenses. When they refused, the trial court discussed jury instructions regarding lesser-included offenses, as follows:
 The Court: Okay as far as if we get to the issue of jury instructions, is there an issue that's — in my mind, and I am not certain what you guys have done as far as your draft to this point. Does it have any lesser-included's in it?
 [Prosecutor]: No. No, your Honor. We have spoken to the defense counsel. They are not requesting any lesser-included offenses.
 The Court: Here's my concern. And this is as we have been sitting here this morning, I have gotten some cases off of Lexus [sic], which here are the lessers that I'm struggling with here, and whether or not it's my obligation to give the lessers, regardless of whether they're requested by either party. There is some case law here that says that I am — the issue is whether — let's see, she's indicted for felonious assault, and "A" and "B" paragraphs merge, correct.
 [Defense Counsel]: Correct.
 The Court: If this jury reaches the conclusion that she did not have the mental state of a felonious assault, but rather of a simple assault, that would be a lesser included of the felonious assault, being a misdemeanor assault, and a lesser included of section-B murder, being a third-degree felony, involuntary manslaughter.
 You guys aren't requesting that charge. I mean, here's the issue as I see it. This case is going to come down to basically, as I view where we are — and I am obligated to *Page 3 
anticipate what a reasonable juror would see with respect to this issue, whether or not, one, Nick Johnson committed this act in complicity with Crystal.
 I don't know that there is any evidence that she actually committed the act. So the evidence is whether or not she had the same culpable mental state as he did when he committed the act.
 Now, if she, based on things like the statement that Detective Sowards just testified to, that she told him to whoop his ass, I don't know that a jury couldn't reasonably conclude that's an assault, not a felonious assault. The testimony from Nick is that he was told by her to stop. That's enough, whatever. I'm just throwing this issue out there.
 If they reach the conclusion that he went further than what she had expected him to go, they could reach the conclusion that she had the mental state for the commission of a misdemeanor assault, and not an assault that rises to the level of serious physical harm.
 And if that's the case, couldn't they reasonably conclude that as a result of that assault, at least in Crystal's mind that she is guilty of the third-degree felony, involuntary manslaughter, and not section-B murder?
 * * *
 I don't think there is any question that — well, I have not come across the reason to question that an F-3, involuntary would be a lesser of this type of murder. It's a paragraph-B murder. It's during the course of felonious assault, first or second count, felony offense of violence, a person dies as a result of that. That's how we get to the murder indictment.
 So it would seem to me that if that felonious assault were not that, but rather a simple assault, it flows naturally from there, that the F-3 involuntary is a lesser-included of how she's currently indicted.
 [Defense counsel]: If we could talk to our client in private, briefly? *Page 4 
 The Court: Okay. Did you guys have an opportunity to address the lesser-included offense issue?
 Here is my final thoughts on it.
 You guys can have a seat. I guess I will just ask you as directly as I can. And I do realize this, in large part, comes down to a trial strategy decision as to what issues you want this jury to have the option to choose from.
 And so, I guess I will just ask the state, are you requesting that this jury be instructed on any lesser-included offense of the two counts of the indictment?
 [Prosecutor]: The state has no objection to that being included in a jury instruction.
 The Court: Okay. And from the defense, are you requesting that lesser-included offense instruction?
 [Defense counsel]: We are not requesting that it be included.
 The Court: Okay. If the — I guess, unless the state asks for it and wants it, and then I can — I should put this on the record.
 * * *
 * * * I have reached the conclusion that I am not, [obligated to give the instruction if not requested] as long as both sides know that it is an instruction that I will give, if they request it, then I would give it; however, I am not going to sui [sic] sponte, on my own — in other words, on my own, give the instruction unless it is specifically requested by one side or the other.
 * * * [Y]ou are saying [defense counsel] that you guys are not requesting the lesser included instruction of the lesser of an F-3, involuntary manslaughter based on the commission of a misdemeanor assault offense; you're not requesting that instruction?
 [Defense counsel]: We are not requesting.
 The Court: Is the state requesting that instruction? *Page 5 
 [Prosecutor]: The state is not requesting.
 However, just for the record, I would just ask the defense to put on the record what their position is, why — what their decision is in making it. Was it an objection as to law or just a trial strategy?
 The court: Well, I can tell you, and I will answer that question for them. I do believe that, legally, it would be an inappropriate instruction to give to this jury; however, I am not entirely certain what the legal objection would be.
 From a legal standpoint, quite clearly a simple assault is a lesser of a felonious assault. The felonious assault is the basis of what we generally refer to as a felony murder offense, which is paragraph-B murder.
 Is that — so the only difference being between the paragraph-B murder and an F-3, involuntary manslaughter — the only legal — the only element that is different is the infliction of serious physical harm.
 I mean, if anybody sees that differently than me, I would like to see what the explanation is. It seems to me that what's in Crystal Riley's mind, or the mental element, that has to be satisfied, is this jury is either going to have to reach the conclusion that she was operating under the intention of having serious physical harm inflicted upon the victim or physical harm, or she didn't have any of those mental elements.
 So, that is — I can't see of any way that this is not a lesser included. If anybody can, please feel free to speak up.
 And I understand what you're saying, [prosecutor]. And I will make sure that the record is as clear as I possibly can make it, that I am willing to give the instruction; however, I am not going to give it on my own, unless one or the other of the parties requests me to.
 The state's made it clear that they're not going to be making that request.
 * * * I don't know how much more further that you [defense counsel] want to go to make it clear. I mean, it's my understanding that you are making the trial strategy. You *Page 6 
want this jury to decide whether or not the elements of murder and felonious assault have been, has been established. And you do not want them to consider the lesser included offense?
 [Defense counsel]: That is correct.
 I understand the court's position. I believe the court's position is correct in that there could be a lesser included offense, and but what we would — what we are deciding is not only a legal objection to that, but to basically holding the state to its case is our decision.
 If the state would like the lesser, they have the opportunity to do so.
 The Court: Absolutely. And I understand your point, and I think the record is clear. There is absolutely nothing inappropriate of making the state stick to their case. Now, if they were coming off of that and requesting a lesser, maybe we would have some other conversation. You want them to stick to it from a trial-strategy prospective. I am not going to insert myself into either one of your thought processes about what you want this jury to consider.
 So, with that, I will not instruct them on the lesser included offense of a third-degree felony, involuntary manslaughter or a simple assault. That will just be done. That's it.
(Tr. at 743-752.)
 {¶ 4} Appellant concedes that defense counsel failed to request a lesser-included offense instruction and the failure to do so waives the issue on appeal unless it constitutes plain error. Although generally a court will not consider alleged errors that were not brought to the attention to the trial court, Crim.R. 52(B) provides that the court may consider errors affecting substantial rights even though they were not brought to the attention of the trial court. "`Plain error is an obvious error * * * that affects a substantial right.'" State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 108, quoting State v. Keith (1997),79 Ohio St.3d 514, 518. An alleged error constitutes plain *Page 7 
error only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different. Yarbrough, at ¶ 108. "`[N]otice of plain error is taken with utmost caution only under exceptional circumstances and only when necessary to prevent a manifest miscarriage of justice.'" State v. Martin, Franklin App. No. 02AP-33, 2002-Ohio-4769, at ¶ 28, quoting State v. Hairston (Sept. 28, 2001), Franklin App. No. 01AP-252.
 {¶ 5} However, where the failure to request a jury instruction was the result of a deliberate, tactical decision of trial counsel, it does not constitute plain error. State v. Clayton (1980), 62 Ohio St.2d 45,47-48. While a trial court has a duty to include instructions on lesser-included offenses, a defendant still has the right to waive such instructions. Id. In Ohio, there is a presumption that the failure to request an instruction on a lesser-included offense constitutes a matter of trial strategy and does not by itself establish plain error or the ineffective assistance of counsel. State v. Griffie (1996),74 Ohio St.3d 332. In this case, the transcript is clear that trial counsel's decision not to request the lesser-included offense instruction was a matter of trial strategy. See Tr. at 751. While appellant may now conclude that it would have been better to obtain the lesser-included instruction, the fact that there may have been "another and better strategy available does not amount to a breach of an essential duty to his client." Clayton, at 49.
 {¶ 6} This court applied the reasoning of Clayton in State v.Harris (1998), 129 Ohio App.3d 527, 533. In Harris, this court held that where a defendant fails to object to the jury instructions based on tactical considerations, the defendant cannot claim plain error on appeal. *Page 8 
 {¶ 7} Thus, in this case, appellant cannot claim that the trial court's failure to give the jury instruction on the lesser-included offense constituted plain error where the record clearly demonstrates that the failure to request the instruction was the result of trial strategy. Appellant's assignment of error is not well-taken.
 {¶ 8} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 SADLER, P.J., and BRYANT, J., concur. *Page 1