OPINION
{¶ 1} Defendant-appellant, David E. Wade, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we reverse that judgment and remand the matter for further proceedings.
 {¶ 2} On August 20, 2002, C.B. lived in an apartment near The Ohio State University campus. Around noon on that day, C.B. returned home from work to eat lunch. As she prepared her meal, she heard a knock on the door. A man on the other side of the door asked C.B. if he could use her phone. C.B. did not recognize the man. C.B. *Page 2 
opened the door a little and handed the man a phone. She immediately closed and locked the door. When the man was finished using the phone, C.B. opened the door to retrieve it. The man then pushed his way through the door and into her apartment. He grabbed a gun out of his backpack and told her to take off her clothes. The man then raped her. C.B. later identified appellant as the man who raped her.
 {¶ 3} After the rape, appellant asked C.B. whether she had any money. She replied that she did not. Appellant then took C.B.'s purse, her laptop computer, and a phone. He then asked for her car keys, which she gave to him. Appellant left the apartment and drove away in C.B.'s car. The entire incident lasted about 20 to 30 minutes. C.B. went to a hospital, where a physical exam revealed redness on C.B.'s cervix and additional physical findings that were consistent with her version of events.
 {¶ 4} Two weeks later, appellant was driving C.B.'s car when he was involved in a police chase. The police ultimately arrested appellant, but not before he crashed the car and ran from the police. Appellant had a bag of cocaine in his possession when he was arrested.
 {¶ 5} As a result of these events, a Franklin County Grand Jury indicted appellant with one count of rape in violation of R.C. 2907.02, one count of aggravated burglary in violation of R.C. 2911.11, one count of kidnapping in violation of R.C. 2905.01, one count of aggravated robbery in violation of R.C. 2911.01, and two counts of theft in violation of R.C. 2913.02. Each of these counts also contained firearm specifications pursuant to R.C. 2941.141 and 2941.145, alleging that appellant had a firearm during the commission of each offense. Appellant was also charged with one count of receiving stolen property *Page 3 
in violation of R.C. 2913.51, failure to comply with an order of a police officer in violation of R.C. 2921.331, and possession of cocaine in violation of R.C. 2925.11.
 {¶ 6} Appellant entered not guilty pleas to the charges and proceeded to a jury trial. C.B. testified that appellant forced his way into her apartment and raped her at gunpoint. She also testified that he took a number of items from her apartment, as well as her car. Although appellant admitted that he stole items from C.B.'s apartment and fled from the police, he denied that he raped C.B. and denied having a gun. He testified that he had consensual sex with C.B. The jury found appellant guilty of all counts except for the aggravated robbery count. The jury also acquitted appellant of all firearm specifications in the indictment. This court reversed those convictions based upon certain procedural deficiencies and remanded the matter to the trial court.State v. Wade, Franklin App. No. 03AP-774, 2004-Ohio-3974.
 {¶ 7} On remand during the second jury trial, appellant sought to prohibit the State from admitting any testimony indicating that he possessed a gun during the commission of these offenses. He argued that allowing such testimony would be inconsistent with his acquittal for aggravated robbery in the first trial because the jury in the first trial determined that he did not possess a gun during the offenses. The trial court disagreed and permitted the State to introduce evidence that appellant used a gun to commit the offenses against C.B. During the second trial, C.B. again testified that appellant forced his way into her apartment and raped her at gunpoint. She also testified that appellant stole her car and a number of other items. Appellant again admitted that he stole items from C.B.'s apartment as well as her car. He also admitted that he fled from the police and that he possessed cocaine when he was arrested. Appellant again denied, *Page 4 
however, that he raped C.B and that he had a gun. Instead, he claimed that he met C.B. months before at a festival and that they had consensual sex that day inside her apartment.
 {¶ 8} The jury rejected appellant's defense and found him guilty of all counts.[1] The trial court designated appellant a sexual predator and sentenced him accordingly. Appellant appeals and assigns the following errors:
 ASSIGNMENT OF ERROR NO. I:
 COLLATERAL ESTOPPEL BARRED THE ADMISSION OF EVIDENCE ASSERTING THAT APPELLANT POSSESSED AND BRANDISHED A GUN. THE TRIAL COURT'S FAILURE TO EXCLUDE THIS EVIDENCE DENIED APPELLANT HIS RIGHT TO A FAIR TRIAL, DUE PROCESS, AND THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS AND VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH
AND FOURTEENTH AMENDMENTS AS WELL AS ARTICLE I, § 2, 9, 10, 16 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. II:
 THE ADMISSION OF THE GUN EVIDENCE AS OTHER ACTS EVIDENCE VIOLATED WADE'S RIGHT TO A FAIR TRIAL AND DUE PROCESS AND VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENT. IN ADDITION, THE TRIAL COURT FAILED TO PROPERLY INSTRUCT THE JURY ON THE PROPER LIMITATIONS OF OTHER ACTS EVIDENCE THEREBY VIOLATING WADE'S RIGHTS TO A FAIR TRIAL.
 ASSIGNMENT OF ERROR NO. III:
 THE PROSECUTOR HAS AN OBLIGATION TO SEEK JUSTICE AND TO REFRAIN FROM UNFAIRLY SEEKING A CONVICTION BASED ON IMPROPER EVIDENCE, IMPROPER ARGUMENT AND OTHER MISCONDUCT *Page 5 
UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS AND ARTICLE I, §§ 2, 9, 10, 16 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. IV:
 THE REPRESENTATION PROVIDED TO DAVID WADE FELL FAR BELOW THE PREVAILING NORMS FOR COUNSEL IN A CRIMINAL CASE, WAS UNREASONABLE, AND AFFECTED THE OUTCOME IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH
AND FOURTEENTH AMENDMENTS AS WELL AS ART. I, § 2, 9, 10, 16 OF THE OHIO CONSTITUTION.
 ASSIGNMENT OF ERROR NO. V:
 THE ADJUDICATION THAT DEFENDANT-APPELLANT IS A SEXUAL PREDATOR IS NOT SUPPORTED BY THE COMMON PLEAS COURT'S FINDINGS AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 ASSIGNMENT OF ERROR NO. VI:
 A TRIAL COURT MAY NOT SENTENCE A DEFENDANT TO NON-MINIMUM AND CONSECUTIVE SENTENCES WITHOUT VIOLATING A DEFENDANT'S CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 AND AND 16 OF THE OHIO CONSTITUTION. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER
(2006), 109 OHIO ST.3D 1, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED.
 ASSIGNMENT OF ERROR NO. VII:
 THE TRIAL COURT VIOLATED WADE'S RIGHTS UNDER THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY FRAMEWORK AT THE TIME OF THE OFFENSE. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), *Page 6 
109 OHIO ST.3D 1, WHICH PURPORTS TO AUTHORIZE THE SENTENCE RENDERED AGAINST DAVID WADE, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED.
 ASSIGNMENT OF ERROR NO. VIII:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT PURSUANT TO THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, BECAUSE THE HOLDING OF FOSTER IS INVALID UNDER ROGERS V. TENNESSEE (2001), 532 U.S. 451.
 {¶ 9} In his first and second assignments of error, appellant contends that the trial court erred by admitting testimony indicating that he used a gun during the commission of the rape when the jury in his first trial necessarily found that he did not possess a gun. Appellant also contends that the trial court erred by not giving a limiting instruction to the jury after the trial court admitted testimony that appellant raped C.B. at gunpoint.
 {¶ 10} The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution incorporates the doctrine of collateral estoppel.Ashe v. Swenson (1970), 397 U.S. 436, 445-446, 90 S.Ct. 1189.[2]
Simply put, collateral estoppel means that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated again between the same parties in any future lawsuit. Id. at 443; State v. Lovejoy (1997), 79 Ohio St.3d 440, 442.
 {¶ 11} Collateral estoppel may affect successive prosecutions in one of two ways. United States v. Brackett (C.A.5, 1997), 113 F.3d 1396,1398. First, it will completely bar *Page 7 
a subsequent prosecution if one of the facts necessarily determined in the former trial is an essential element of the subsequent prosecution. For example, in Ashe, a defendant charged with the robbery of six people at a poker party was found not guilty of one of the robberies. The only contested issue at trial was whether Ashe was one of the robbers. The jury concluded that he was not. The state subsequently tried Ashe for the robbery of another person at the poker party. The United States Supreme Court held that because the jury in the first trial necessarily found that Ashe was not one of the robbers, the state could not prosecute him again, because a second prosecution would require the relitigation of that issue. Id. at 446; see, also, Columbus v.Rodriquez (Nov. 7, 1996), Franklin App. No. 96APC05-601 (noting that collateral estoppel may bar second prosecution).
 {¶ 12} Secondly, collateral estoppel can also bar certain evidence in a subsequent trial. The doctrine prohibits the government from relitigating an issue of ultimate fact that was determined by a valid and final judgment. Dowling v. United States (1990), 493 U.S. 342, 347,110 S.Ct. 668. This prohibition, however, does not exclude, in all circumstances, relevant and probative evidence otherwise admissible simply because it relates to alleged criminal conduct for which a defendant has been acquitted. Id. at 348.
 {¶ 13} Evidence of alleged criminal conduct for which a defendant has been acquitted may be admitted in a second trial where the ultimate issue of fact decided in defendant's favor in the first trial is not an ultimate issue of fact in the second trial. Wright v. Whitley (C.A.5, 1994), 11 F.3d 542, 546; Brackett, supra; United States v. Bailin
(C.A.7, 1992), 977 F.2d 270, 280 (preclusion applied only where issue is ultimate issue in subsequent prosecution); State v. Cotton (La. 2001),778 So.2d 569, 576 (no preclusion *Page 8 
where prior acquitted conduct not ultimate issue in second trial);Eatherton v. State (Wyo. 1991), 810 P.2d 93, 100 (evidence of theft charge for which defendant was acquitted properly admitted in subsequent burglary trial where previous acquittal did not determine ultimate issue in burglary trial).
 {¶ 14} For example, in Santamaria v. Horsley (C.A.9, 1998),133 F.3d 1242, the defendant was charged with murder and robbery as well as a weapon enhancement which alleged that he used a knife in the commission of a felony. He was found guilty of murder and robbery but acquitted of the weapon enhancement. After an appeals court reversed those convictions, on remand the defendant sought to prohibit the prosecution from retrying him on the theory that he used a knife during the murder. The trial court agreed and prohibited the state from proceeding on that theory. After the California Supreme Court reversed, the United States Ninth District Court of Appeals, on a petition for a writ of habeas corpus, held in part that because the State was not required to prove beyond a reasonable doubt that the defendant used a knife in order to convict the defendant of murder in the second trial, the use of a knife was not an ultimate fact in the second trial. Thus, the state could present evidence that the defendant stabbed the victim. Id. at 1247.
 {¶ 15} Similarly, an issue may be relitigated in a second trial where the later action is governed by a lesser standard of proof.Dowling. For example, evidence of a prior bad act for which a defendant was acquitted may be introduced at a second trial under Evid.R. 404(B) to prove, among other things, identity. Such evidence is admissible because the State is not trying the defendant for the bad act in the second trial. Id. (evidence that defendant later committed home invasion, even though he was acquitted *Page 9 
of the robbery, could be introduced at a later trial for earlier bank robbery to prove identity); Charles v. Hickman (C.A.9, 2000),228 F.3d 981, 986 (testimony regarding previously acquitted charge of murder properly admitted to prove motive in subsequent trial); In reBurton, 160 Ohio App.3d 750, 2005-Ohio-2210, at ¶ 14.
 {¶ 16} The case at bar does not involve the successive prosecution theory of collateral estoppel. At his second trial, appellant was not tried for aggravated robbery or any gun specifications. Here, the issue is whether or not collateral estoppel prohibited the admission of testimony in his second trial that appellant possessed a gun. We review the trial court's application of collateral estoppel de novo.Charles, at 985; Bailin, at 281 (de novo review of collateral estoppel decision) cf. United States v. Dakota (C.A.6, 2000), 197 F.3d 821, 826
(claims of double jeopardy reviewed de novo).
 {¶ 17} To determine whether collateral estoppel bars the admission of evidence that appellant used a gun during the commission of these offenses, we must first determine whether the jury in the first trial necessarily found that appellant did not possess a gun. Thus, we must examine the record of the prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matters, and decide whether the jury could have reached its verdict without finding that appellant did not possess a gun. Id.; Bailin, at 280 (court must decide whether a rational jury could have grounded its verdict on an issue other than that which the defendant seeks to foreclose from consideration). The defendant bears the burden to prove that the issue was necessarily resolved by the prior jury. Dowling, at 350.
 {¶ 18} The State contends that the not guilty verdict in the first trial for the aggravated robbery count as well as the firearm specifications did not actually determine *Page 10 
that appellant did not use a gun, because the jury could have acquitted appellant for other reasons. We disagree. The elements of aggravated robbery require that appellant attempt or commit a theft offense while possessing a deadly weapon. R.C. 2911.01. Appellant admitted to stealing C.B.'s car, computer, purse, and phone. Thus, the only conceivable reason for the jury's acquittal on this count was a finding that appellant did not possess a gun during the theft. Additionally, the jury asked during its deliberations whether appellant must have had a deadly weapon to find him guilty of aggravated robbery. The trial court replied in the affirmative. The jury then acquitted appellant of aggravated robbery and all of the firearm specifications. It is clear that the first jury actually decided that appellant did not possess a gun during the offenses and it is not conceivable that a rational jury could have grounded its verdict on any other issue.[3] Ashe, at 444.
 {¶ 19} Next, we must determine whether the issue necessarily decided in the first trial (that appellant did not have a gun) is an ultimate issue in the subsequent trial. To find appellant guilty of rape or kidnapping, the State had to prove beyond a reasonable doubt that appellant forcibly engaged in sexual conduct with C.B. and restrained her liberty using force. See R.C. 2907.02 and 2905.01. Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). The definition of force does not require the use of a *Page 11 
weapon. Therefore, the State could prove these offenses without proving that appellant used a gun.
 {¶ 20} Admittedly, testimony indicating appellant had a gun could be used to prove the force element of both rape and kidnapping. However, the jury's general verdict of guilty does not provide insight as to what facts the jury believed in this trial to find appellant guilty of rape and kidnapping. There are other ways to establish the element of force for these offenses. Here, there was evidence that C.B. was less than five feet tall and that appellant was six feet tall, weighed 170 pounds and that he forced his way into her apartment. We also note that although the first jury determined that appellant did not have a gun, it nevertheless found appellant guilty of rape and kidnapping, thereby finding the element of force beyond a reasonable doubt even without a gun. Thus, the State was not precluded from admitting evidence that appellant possessed a gun during the offenses, provided that the testimony was otherwise admissible. Dowling, at 348.[4]
 {¶ 21} We further find that the testimony that appellant possessed a gun during these offenses was admissible. Evidence of appellant's actions during the offenses is admissible if the evidence is "inextricably related" to the crime charged and plays a role in explaining the sequence of events and gives a complete picture of the alleged crime. State v. Thompson (1981), 66 Ohio St.2d 496, 498;State v. Henry, Franklin App. No. 05AP-1075, 2006-Ohio-4783, at ¶ 27. Testimony that appellant possessed a gun during *Page 12 
the offenses is inextricably related to the charges and provides a complete picture of the sequence of events. See State v. Jackson, Franklin App. No. 02AP-867, 2003-Ohio-6183, at ¶ 31. The jury was entitled to a complete picture of the alleged crimes. The trial court did not err by admitting testimony indicating that appellant possessed a gun during these offenses.[5]
 {¶ 22} Finally, appellant contends that the trial court erred by not giving the jury a limiting instruction regarding the gun testimony. Appellant did not request that the trial court instruct the jury that he had previously been acquitted of possessing a gun during the commission of the offenses. Instead, he requested that the trial court instruct the jury that it could not consider the gun testimony to determine whether he used force in the rape. The trial court denied appellant's request. It is well-established that a trial court has broad discretion in instructing the jury. State v. Simpson, Franklin App. No. 01AP-757, 2002-Ohio-3717, at ¶ 84, citing State v. Smith (Apr. 2, 2002), Franklin App. No. 01AP-848.
 {¶ 23} Collateral estoppel did not bar the admission of testimony indicating appellant had a gun during the commission of the offenses. Further, that testimony was admissible to provide the jury a full and complete picture of the sequence of events the victim described. However, the State did not present the testimony simply to provide the jury with a complete picture of the events. During the State's questioning of C.B., the prosecutor referred to appellant's possession of a gun during the rape a number of times, implying that appellant used the gun to commit the rape. In closing arguments, the *Page 13 
prosecutor referred to the rape charge and reminded the jury that "the Defendant had a weapon while committing that offense." It is clear that the State used the gun testimony to prove that appellant used force to commit the rape.[6]
 {¶ 24} Although collateral estoppel did not prohibit the admission of testimony indicating that appellant possessed a gun, the principle underlying that doctrine requires a limiting instruction such as the one appellant requested. Cf. Rossetti v. Curran (D.Mass. 1995),891 F.Supp 36, 47 (noting concerns underlying doctrine). The principle is that one who has been acquitted of a crime should not be forced to "run the gauntlet" a second time. Ashe, at 446. Cf. Rossetti, quotingDowling ("If there ever was the likelihood that such evidence would create the `constitutionally unacceptable risk that the jury will convict . . . on the basis of inferences drawn from the acquitted conduct,' it is this case."). The danger of this occurring in this case was high.
 {¶ 25} Absent a limiting instruction, there was a significant danger that the jury in the second trial would find the element of force for rape based upon evidence that the appellant had a gun, even though the jury in the first trial necessarily found that appellant did not possess a gun during the offenses. Appellant's requested limiting instruction would have allowed C.B. to describe her version of the events but would have prevented the jury from using the evidence that appellant had a gun to find the element of force for a rape conviction. The trial court abused its discretion by not instructing the jury that it *Page 14 
could not consider the gun testimony in determining whether appellant used force while committing the rape offense.[7]
 {¶ 26} Appellant's first assignment of error is overruled. However, because the trial court erred by not providing the limiting instruction requested by appellant, we sustain in part appellant's second assignment of error. Our resolution of appellant's second assignment of error renders appellant's remaining assignments of error moot. App.R. 12(A). This matter is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with law and this opinion.
Judgment reversed and cause remanded.
BRYANT and SADLER, JJ., concur.
[1] Because the first jury acquitted appellant of aggravated robbery and determined that he did not use a gun, appellant was not tried for aggravated burglary or any of the firearm specifications in his second trial.
[2] The Fifth Amendment's Double Jeopardy protections are enforceable against the States through the Fourteenth Amendment. Ashe, at 437.
[3] The State argues that the first jury may have acquitted appellant because the gun was not operable. We reject that claim based on the jury's own question as well as the fact that no evidence or argument was presented in the first trial on this issue. In order to determine what issue was actually litigated in the first trial, we do not apply the rule of collateral estoppel with a "hypertechnical and archaic approach" but with "realism and rationality." Ashe, at 444.
[4] Appellant's reliance on Rice v. Marshall (C.A.6, 1987),816 F.2d 1126 is misplaced. First, we note that the case dealt with an ineffective assistance of counsel claim. Secondly, although the court did note, relying on Ashe, supra, that a previous acquittal of a weapon charge constituted a finding that he did not have a gun and precluded the introduction of contrary evidence at a subsequent trial, that case was decided before Dowling clarified the scope of the Ashe holding.
[5] We do not agree with the trial court that evidence that appellant used a gun during these offenses was properly admitted as "other acts" evidence under Evid.R. 404(B) because the evidence was not admitted to prove any of the permissible purposes under that rule. Nevertheless, for the reasons discussed, the evidence was admissible on other grounds.
[6] The prosecutor also told the jury, in regards to the kidnapping charge, that C.B. would have left the apartment but for the fact that appellant had a gun.
[7] Although we have previously referred to evidence other than the gun testimony that could support a finding of force in this case, that evidence was minimal. There is a substantial likelihood that the jury considered appellant's alleged use of a gun in finding the element of force. Thus, we cannot say that the trial court's error was harmless. See State v. Ganelli, Cuyahoga App. No. 84694, 2005-Ohio-770, at ¶28. *Page 1