DECISION
{¶ 1} Plaintiff-appellee, the State of Ohio, has filed an application for reconsideration, pursuant to App.R. 26(A), requesting that the court reconsider our decision rendered on February 12, 2008. Defendant-appellant, David E. Wade, filed a memorandum in opposition. For the following reasons, we grant the State's application.
 {¶ 2} When presented with an application for reconsideration, an appellate court must determine whether the application calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was *Page 2 
not fully considered by the court when it should have been. State v.Rowe (Feb. 10, 1994), Franklin App. No. 93AP-1763; Columbus v.Hodge (1987), 37 Ohio App.3d 68, 69. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the logic used by the appellate court or the conclusions it reached."Juhasz v. Costanzo (Feb. 7, 2002), Mahoning App. No. 99-CA-294. "App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens
(1996), 112 Ohio App.3d 334, 336.
 {¶ 3} In this case, appellant appealed a judgment entry of conviction entered by the Franklin County Court of Common Pleas. A jury convicted him of rape, kidnapping, aggravated burglary, robbery, theft, receiving stolen property, failure to comply with an order of a police officer, and possession of cocaine. In our February 12, 2008 opinion, we determined that the trial court erred by not instructing the jury that it could not consider testimony that appellant had a gun during the commission of the offenses in determining whether he used force while committing the rape offense. State v. Wade, Franklin App. No. 06AP-644,2008-Ohio-543. We noted that the evidence of force was "minimal" and there was a "substantial likelihood" that the jury considered appellant's alleged use of a gun to determine the element of force. Id. at fn. 7. Accordingly, we reversed the matter and remanded it for further proceedings.
 {¶ 4} The State now contends that this court committed an obvious error by reversing appellant's convictions that were not implicated by the failure to provide a limiting instruction. We agree. At trial, appellant only requested a limiting instruction for the gun testimony as it related to the element of force in the rape count. The trial court's *Page 3 
error in not providing such an instruction did not necessarily implicate his other convictions. State v. Barney (May 25, 2001), Seneca App. No. 13-2000-36 (error in jury instruction for one count required reversal of that conviction; other convictions affirmed). We therefore grant the State's application to reconsider and will address appellant's remaining assignments of error.
 {¶ 5} To the extent appellant claims in his second assignment of error that the trial court erred by not providing a limiting instruction for the gun testimony as it related to other counts, we agree in part. Appellant did not request a limiting instruction for the gun testimony for any count other than the rape count. Therefore, he waived any error in the trial court's failure to provide such an instruction absent plain error. State v. Rawls, Franklin App. No. 03AP-41, 2004-Ohio-836, at ¶ 21; State v. Riley, Franklin App. No. 06AP-1091, 2007-Ohio-4409, at ¶ 4; State v. Mitchell, Cuyahoga App. No. 88977, 2007-Ohio-6190, at ¶ 84. "`Plain error is an obvious error * * * that affects a substantial right.'" State v. Yarbrough, 95 Ohio St.2d 227, 2002-Ohio-2126, at ¶ 108, quoting State v. Keith (1997), 79 Ohio St.3d 514, 518. An alleged error constitutes plain error only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different.Yarbrough, at 108. Notice of plain error is taken with the utmost caution only under exceptional circumstances and only where necessary to prevent a miscarriage of justice. State v. Martin, Franklin App. No. 02AP-33, 2002-Ohio-4769, at ¶ 28.
 {¶ 6} We first address appellant's kidnapping conviction. To convict appellant of kidnapping, the State had to prove beyond a reasonable doubt that appellant, by force, threat, or deception, removed the victim from a place or restrained her liberty to facilitate *Page 4 
any felony or flight thereafter or to engage in sexual activity with the victim against her will. R.C. 2905.01.
 {¶ 7} Here, appellant forcibly pushed his way in through the front door and stood in between the victim and the front door, thereby blocking the victim's exit from the apartment. There was evidence that appellant was much taller and heavier than the victim. In light of this evidence, a reasonable jury could have concluded that even without the evidence of the gun, appellant, by force or threat, restrained the victim's liberty in order to facilitate the commission of a felony or to engage in sexual activity with the victim. Therefore, we cannot say that the outcome of his kidnapping conviction clearly would have been different but for a limiting instruction as to the gun testimony. Cf.State v. Litreal, 170 Ohio App.3d 670, 2006-Ohio-5416, at ¶ 24 (any error in admitting testimony not plain error where remaining evidence was sufficient for rational trier of fact to find defendant guilty).
 {¶ 8} We reach a different conclusion with respect to the conviction for aggravated burglary. To convict appellant of aggravated burglary in this case, the State had to prove beyond a reasonable doubt that appellant, by force, stealth, or deception, trespassed in an occupied structure when another person other than the appellant was present, with the purpose to commit any criminal offense, if the appellant inflicts, or attempts or threatens to inflict physical harm on the victim. R.C.2911.11(A)(1).
 {¶ 9} The State contends that appellant committed this offense before he pulled out his gun by forcing his way into the apartment. Aggravated burglary does require a trespass by "force, stealth or deception." That element, however, is separate and distinct from the requirement that the State prove appellant inflicted, attempted, or threatened to *Page 5 
inflict physical harm. At trial, the State argued that the subsequent rape satisfied the physical harm requirement. See, e.g., State v.Shackelford (Oct. 9, 1996), Summit App. No. C.A. No. 17690 (sexual assault inflicted physical harm for purposes of aggravated burglary). Because we have reversed appellant's rape conviction, however, that offense cannot be used to establish the physical harm requirement for an aggravated robbery conviction.
 {¶ 10} If the jury could not consider the gun evidence for purposes of finding a threat of physical harm, there is no other evidence to establish that element of the offense. Forcible entry, by itself, is not a threat to inflict physical harm. No rationale trier of fact could have concluded beyond a reasonable doubt that appellant inflicted, attempted, or threatened to inflict physical harm based solely on a forced entry. Accordingly, the result of this conviction would clearly have been different had the trial court instructed the jury as to the proper consideration of the gun testimony.
 {¶ 11} The gun testimony does not have the same impact on his convictions for robbery, theft, receiving stolen property, failure to comply with an order of a police officer, and possession of cocaine. These counts were either admitted by appellant or committed days after the rape and kidnapping. The trial court did not commit plain error when it did not provide a limiting instruction for the gun testimony on these counts.
 {¶ 12} Appellant's second assignment of error is sustained in part and overruled in part. His convictions for rape and aggravated burglary are reversed and remanded for further proceedings. His convictions for kidnapping, robbery, theft, receiving stolen property, failure to comply with an order of a police officer, and possession of cocaine are affirmed. *Page 6 
 {¶ 13} In appellant's third assignment of error, he contends that prosecutorial misconduct deprived him of a fair trial. Specifically, appellant claims the prosecutor elicited improper testimony and made improper arguments. We disagree.
 {¶ 14} The test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the accused's substantial rights. State v. Smith (1984), 14 Ohio St.3d 13,14-15; State v. Thompson, 161 Ohio App.3d 334, 341, 2005-Ohio-2508, at ¶ 30. Generally, prosecutorial misconduct is not a basis for overturning a criminal conviction, unless, on the record as a whole, the misconduct can be said to have deprived the defendant of a fair trial. State vLott (1990), 51 Ohio St.3d 160, 166. The focus of that inquiry is on the fairness of the trial, not the culpability of the prosecutor. State v.Bey (1999), 85 Ohio St.3d 487, 495.
 {¶ 15} Appellant first argues that the prosecutor elicited improper and irrelevant testimony describing how the police obtained a DNA sample from appellant. Specifically, the lead detective in this case was allowed to testify that appellant refused to provide a DNA sample and that "99 times out of 100" defendants comply with requests for DNA samples. The detective also testified about the steps taken to obtain the sample from appellant once they obtained a search warrant, including having the SWAT team restrain appellant. Appellant claims this testimony solely was offered to inflame the jury and to suggest he refused because he was guilty. The State claims that the evidence was properly admitted to illustrate appellant's consciousness of guilt. We agree.
 {¶ 16} "`It is today universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.'" *Page 7 State v. Williams (1997), 79 Ohio St.3d 1, 11, quoting State v.Eaton (1969), 19 Ohio St.2d 145, 160. Although no Ohio case has specifically addressed whether or not the refusal to provide a DNA sample can be used as evidence of consciousness of guilt, courts in other states have held that the refusal to provide blood samples is admissible as evidence of consciousness of guilt. See State v.Hernandez (2003), 117 Wash.App. 1081; People v. Roberts (Cal. 1992), 826 P.2d 274, 310-311.
 {¶ 17} Testimony that appellant refused to provide a DNA sample was admissible as evidence of consciousness of guilt. The refusal suggests that appellant was attempting to conceal his involvement in the crime. See Williams; State v. Barton, Warren App. No. CA2005-03-036,2007-Ohio-1099, at ¶ 100 (accused's use of counter measures in an attempt to defeat a polygraph examination may indicate consciousness of guilt). The testimony describing the steps taken by the police to obtain the sample from appellant was relevant to show just how far appellant would go to conceal his involvement. Columbus v. Dials, Franklin App. No. 04AP-1099, 2005-Ohio-6305, at ¶ 46. Appellant attempted to blunt the impact of his refusal to provide a DNA sample by offering another reason for his refusal. The State did not engage in improper conduct by asking the detective about appellant's refusal.
 {¶ 18} Appellant also contends that the prosecutor made improper statements during closing arguments. In general, prosecutors are given considerable latitude in opening statement and closing argument.State v. Ballew (1996), 76 Ohio St.3d 244, 255. In closing argument, a prosecutor may freely comment on "`what the evidence has shown and what reasonable inferences may be drawn therefrom."' State v. Lott (1990),51 Ohio St.3d 160, 165, quoting State v. Stephens (1970), 24 Ohio St.2d 76,82. *Page 8 
Appellant did not object during the prosecutor's closing argument. The failure to object to alleged prosecutorial misconduct waives all but plain error. State v. LaMar, 95 Ohio St.3d 181, 2002-Ohio-2128, at ¶ 126; State v. Loch, Franklin App. No. 02AP-1065, 2003-Ohio-4701, at ¶ 43.
 {¶ 19} Appellant specifically points to the prosecutor's statements in closing argument that his resistance to police efforts to obtain a DNA sample could be considered as an indicia of guilt, and that appellant only came up with his version of events after he obtained results of the DNA test. We have already determined that the refusal to provide a DNA sample and the circumstances of that refusal could be used by the State to demonstrate appellant's consciousness of guilt. Therefore, the prosecutor could properly comment on that in closing argument. Second, the prosecutor's comment about appellant's changing version of events was a fair inference from the evidence presented at trial. When interviewed by the police on September 2, 2002, appellant denied any knowledge of an incident with the victim. Later, at his first trial and again in this trial, appellant claimed that he previously met the victim and that they had consensual sex. It was fair for the prosecutor to infer, based on the evidence at trial, that appellant altered his version of events based on information he obtained after the September 2, 2002 interview. We find no plain error in regard to these comments.
 {¶ 20} Having found no prosecutorial misconduct, we overrule appellant's third assignment of error.
 {¶ 21} Appellant contends in his fifth assignment of error that the trial court's sexual predator classification was not supported by sufficient evidence. Because we *Page 9 
have reversed appellant's rape conviction and remanded that count for a new trial, this assignment of error is moot. App.R. 12.
 {¶ 22} Appellant's sixth, seventh, and eighth assignments of error each contend that the Supreme Court of Ohio's decision in State vFoster, 109 Ohio St.3d 1, 2006-Ohio-856, is incompatible with the United States Supreme Court precedent in this area and that he is entitled to minimum, concurrent sentences on remand. This court has previously considered and rejected this very argument. State v. Hudson, Franklin App. No. 06AP-335, 2007-Ohio-3227, at ¶ 23. Appellant also claims that the Foster court's severance remedy, as applied to his case, violates due process and ex post facto principles against retroactivity. This court has also consistently rejected this argument. Id. at ¶ 25. Appellant's sixth, seventh, and eighth assignments of error are overruled.
 {¶ 23} Finally, in his fourth assignment of error, appellant contends that he received ineffective assistance of counsel at his trial. We disagree.
 {¶ 24} In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, accordState v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's deficient conduct by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690. *Page 10 
 {¶ 25} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive her of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 26} Appellant first claims that his trial counsel was ineffective for failing to object to the instances of prosecutorial misconduct alleged in his third assignment of error. We have already determined that the conduct complained of was not prosecutorial misconduct. Accordingly, counsel was not ineffective for failing to object to that conduct. State v. Hairston (June 11, 1999), Montgomery App. No. 17218.
 {¶ 27} Second, appellant contends that his trial counsel was ineffective for failing to prepare for or defend him at the sexual predator hearing. Our reversal of appellant's rape conviction renders this claim moot. App.R. 12(A).
 {¶ 28} Finally, appellant contends that his trial counsel was ineffective for failing to make objections based on assignments of error six and seven. We disagree. We have already rejected the arguments he presents in these assignments of error. The failure to raise nonmeritorius objections is not deficient performance, and additionally, appellant cannot show that he was prejudiced by counsel's failure to raise these issues.
 {¶ 29} Appellant did not receive ineffective assistance of counsel. Accordingly, his fourth assignment of error is overruled. *Page 11 
 {¶ 30} On reconsideration, we overrule appellant's first, third, fourth, sixth, seventh, and eighth assignments of error. His second assignment of error is overruled in part and sustained in part and his fifth assignment of error is rendered moot. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part. Appellant's rape and aggravated burglary convictions are reversed and remanded for further proceedings. His other convictions are affirmed.
Application granted; judgment affirmed in part and reversed in part;and cause remanded.
 BRYANT and SADLER, JJ., concurs. *Page 1