[Cite as *State v. Grimm*, 2014-Ohio-38.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| TIMOTHY R. GRIMM | : | Case No. 13-CA-25 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Fairfield County
Court of Common Pleas, Case No.
12-CR-468



JUDGMENT:      Affirmed



DATE OF JUDGMENT:      January 3, 2014



APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

GREGG MARX      ANDREW T. SANDERSON
Prosecuting Attorney      118 West Chestnut Street, Suite B
239 W. Main Street, Suite 101      Lancaster, OH 43130
Lancaster, OH 43130

*Baldwin, J.*

{¶1}     Defendant-appellant Timothy Grimm appeals from the February 11, 2013 Judgment Entry of the Fairfield County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}     On October 15, 2012, the Fairfield County Grand Jury indicted appellant on one (1) count of theft in violation of R.C. 2913.02, a felony of the fifth degree, and fifteen (15) counts of forgery in violation of R.C. 2913.31(A)(1), felonies of the fourth degree.

{¶3}     On November 29, 2012, appellant filed a Motion to Dismiss the indictment. Appellant, in his motion, alleged that he had been charged with three (3) counts each of theft and receiving property in Fairfield County Municipal Court Case No. CRB 1201405, that the victim in such case was Naomi Boggs and involved the theft of her checks which were numbered 4221, 4224 and 4228, and that he had pleaded guilty to and was convicted of a theft and receiving stolen property in such case on September 10, 2012. Appellant alleged that all of the counts in the indictment in the case sub judice related to the same victim and the same checks as in the Municipal Court case and that the double jeopardy clause prohibited him from being prosecuted again for the same offenses. Appellee filed a memorandum contra to appellant's motion on December 4, 2012. Appellant filed a supplemental memo on December 19, 2012.

{¶4}     Pursuant to an Entry filed on January 8, 2013, the trial court overruled appellant's motion with respect to the forgery counts. With respect to the felony charge

of theft, the trial court found that appellee was not permitted to prosecute appellant based solely on the theft of Check Nos. 4221 and 4224, but that a further examination of the facts surrounding the theft charges in both cases was necessary and that, therefore, an oral hearing was required. The trial court indicated that the oral hearing "shall be limited to the narrow issue remaining before the Court: whether the felony charge of theft, as set forth in Count One of the Indictment, arose from the same act or transactions as the misdemeanor charges of Theft and Receiving Stolen Property to which the Defendant pled guilty."

{¶5} Thereafter, before any hearing was held, appellant, on February 1, 2013, pleaded no contest to six (6) counts of forgery. The remaining counts were dismissed. Pursuant to a Judgment Entry filed on February 11, 2013, appellant was sentenced to thirty six (36) months in prison. Appellant's prison sentence was suspended and appellant was placed on community control for a period of five (5) years.

{¶6} Appellant now raises the following assignments of error on appeal:

{¶7} THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO DISMISS THE INDICTMENT HEREIN.

{¶8} THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO HOLD AN ORAL HEARING ON THE DEFENDANT-APPELLANT'S MOTION TO DISMISS THE INDICTMENT HEREIN.

{¶9} THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL HEREIN.

I.

{¶10}   Appellant,   in his first assignment of error, argues that the trial court erred in failing to dismiss the indictment on double jeopardy grounds. We disagree.

{¶11}   Appellant contends that his prosecution in this case on the charges of theft and forgery violated his protections from double jeopardy under the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. These clauses " * * * protect a defendant from successive prosecutions and multiple punishments for the same offense." *State v. Kelly,* 7th Dist. Columbiana No. 08 CO 23, 2009–Ohio–1509, ¶ 18, (additional citations omitted). "[T]he successive prosecution branch of the Double Jeopardy Clause prohibits the state from trying a defendant for a greater offense after a conviction of a lesser included offense and from twice trying a defendant for the same offense." *State v. Morton,* 2nd Dist. No. 20358, 2005–Ohio–308, ¶ 8 (internal quotations and additional citations omitted).

{¶12}   A de novo standard applies when an appellate court reviews the denial of a motion to dismiss an indictment on the grounds of double jeopardy. *See State v. Betts,* 8th Dist. No. 88607, 2007–Ohio–5533, ¶ 20, citing *In re Ford* , 987 F.2d 334, 339 (6th Cir. 1992).

{¶13}   In *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932),  the United States Supreme Court set forth its test for determining double jeopardy claims as follows: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." In *State v. Tolbert,* 60 Ohio St.3d 89, 573 N.E.2d 617 (1991), the Ohio Supreme Court clearly held: "To determine

whether a subsequent prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment, a court must first apply the *Blockburger* test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the subsequent prosecution is barred." *Id.* at para. 1 of the syllabus. *See, also, Univ. of Cincinnati v. Tuttle,* 1st Dist. No. C–080357, 2009–Ohio– 4493, ¶ 12: ("Because this case concerns only the issue of successive prosecution, it is not controlled by R.C. 2941.25 or *State v. Cabrales.* Rather, we must employ the test outlined in *Blockburger v. United States* and its progeny.")

{¶14}   Appellant, in the Fairfield County Municipal Court case, was charged with three (3) counts of theft in violation of R.C. 2913.02 and three (3) counts of receiving stolen property in violation of R.C. 2913.51(A), all misdemeanors of the first degree. On September 10, 2012, appellant, in  such case, entered a plea of guilty to the charge of theft concerning Check No. 4221 and receiving stolen property concerning  Check No. 4424. The remaining charges were dismissed.

{¶15}   In the case sub judice, appellant was  indicted on October 15, 2012, on one (1) count of theft in violation of R.C. 2913.02, a felony of the fifth degree, and fifteen (15) counts of forgery in violation of R.C. 2913.31(A)(1), felonies of the fourth degree. As noted by the trial court in its January 8, 2013 Entry, the charges in both cases arose from incidents occurring in April of 2012 in which appellant allegedly stole blank checks from the victim, who was Naomi Boggs, forged her signature and subsequently passed such checks. The misdemeanor charges in the Fairfield County Municipal Court case concerned only three  checks (Check Nos. 4221, 4224, 4228) of the fifteen checks covered by the indictment   in the case sub judice. The three checks  were the subject

of Counts One (Theft), Four (Forgery of Check #4221), Six (Forgery of Check #4224) and Seven (Forgery of Check #4228). Thus, as noted by the trial court, of the sixteen counts in the indictment in this case, only four (Counts One, Four, Six and Seven) are arguably implicated. The remaining counts concern different check numbers, different dates and different transactions than the charges filed in the Municipal Court case and, as noted by the trial court, "cannot constitute the same act or transaction' that was previously prosecuted in the misdemeanor cases."

{¶16} A comparison of R.C. 2913.31(A)(1), defining forgery, and R.C. 2913.51(A), defining receiving stolen property, demonstrates that the two offenses are distinguishable for double jeopardy purposes under *Blockburger.* R.C. 2913 .31(A)(1) provides that "[n]o person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * [f]orge any writing of another without the other person's authority[.]" In turn, R.C., R. C. 2913.51(A), requires proof that defendant received the property of another, knowing or having reasonable cause to believe it had been obtained through commission of a theft offense. Forgery, requires proof that the defendant, with purpose to defraud, forged a writing of another without his or her authority. Comparing the offenses of receiving stolen property and forgery, it is obvious that each requires proof of an additional fact which the other does not. Using the test of double jeopardy as stated in *Blockburger*, the double jeopardy clause was not violated with respect to the charges of forgery and receiving stolen property because they are not the "same offense" for purposes of double jeopardy analysis.

{¶17} Appellant also maintains that the felony charge of theft in this case should have been dismissed on double jeopardy grounds. The trial court, in its Entry, held that

appellee could not re-prosecute appellant for illegally obtaining control over Check Nos. 4221 and 4224, but that it could prosecute appellant "for theft of the other twelve checks, which allegedly spanned two weeks and entailed different checks and different situations, as long as it is able to prove the Defendant acted with a separate animus." The trial court ordered that an oral hearing be scheduled   on "the narrow issue remaining before the Court: whether the felony charge of theft, as set forth in Count One of the Indictment, arose from the same act or transactions as the misdemeanor charges of Theft and Receiving Stolen Property to which the Defendant pled guilty." The date and time of the hearing were to be set by a separate scheduling order.

{¶18}   However, before any such hearing was held, appellant entered his no contest plea in this case. Appellant has, therefore, waived such issue.

{¶19}   Appellant's first assignment of error is, therefore, overruled.

II

{¶20}   Appellant, in his second assignment of error, argues that the trial court erred in failing to hold a hearing on his Motion to Dismiss. We disagree.

{¶21}   As is stated above, the trial court, in overruling much of appellant's Motion to Dismiss on January 8, 2013, ordered that an oral hearing be held on certain portions of the Indictment.  The docket indicates that a notice was filed on January 10, 2013 setting a plea hearing  for February 1, 2013. As a result, no hearing on appellant's motion was ever held.  Moreover, a trial court is within its discretion in holding non-oral hearings. Crim.R. 47.  In the case sub judice, the trial court gave a lengthy explanation for its reasoning in overruling most of appellant's Motion to Dismiss.  We further note that appellant never requested an oral hearing.

{¶22}   Appellant's second assignment of error is, therefore, overruled.

III

{¶23}   Appellant, in his third assignment of error, argues that he received ineffective assistance of trial counsel due to counsel's failure to request an oral hearing on appellant's Motion to Dismiss.

{¶24}   A properly licensed attorney is presumed competent. *State v. Hamblin,* 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶25}   We find that appellant has failed to demonstrate that his trial counsel's performance was deficient  or that  he was prejudiced by trial counsel's representation. As is discussed above,  the trial court did not err in its ruling on appellant's Motion to Dismiss. Moreover, appellant originally was indicted on sixteen (16) felony counts in this case and, as a result of plea negotiations, entered no contest pleas to six (6) of those counts. The remaining counts were dismissed.  While appellee recommended that appellant be sentenced to nine months consecutive on each count, for a total of 54 months, the trial court sentenced appellant to six (6) months on each count, to be served consecutively, for a total of thirty six (36) months. Moreover, over appellee's

objections, defense counsel convinced the trial court to place appellant on community control.

{¶26}   Appellant's third assignment of error is, therefore, overruled.

{¶27}   Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Baldwin, J.

Farmer, P.J. and

Wise, J. concur.