DECISION
{¶ 1} Defendant-appellant William Simms appeals from his conviction, after a jury trial, of one count of retaliation, in violation of R.C. 2921.05(B), a third-degree felony. On appeal, Simms raises four assignments of error.
 {¶ 2} The testimony at trial showed that Simms had confronted his stepsister's daughter on the street and followed her, shouting threats of physical harm. The daughter immediately called the police, as well as her mother, for help. The confrontation occurred subsequent to Simms's release from prison. After having been convicted of the rape of the daughter, who was thirteen years of age at the time, Simms had been sentenced to a five-year prison term.
 {¶ 3} R.C. 2921.05(B) provides, "No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against the victim of a crime because the victim filed or prosecuted criminal charges."
 {¶ 4} In the first assignment of error, Simms contends that the trial court abused its discretion when it permitted the state to introduce evidence of the prior rape conviction, including irrelevant prejudicial details. Evid.R. 403(A) provides, "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." When considering evidence under Evid.R. 403, the trial court is vested with broad discretion,[1] and an appellate court should not interfere absent a clear abuse of discretion.[2] Our inquiry is whether the trial court acted unreasonably, arbitrarily, or unconscionably in deciding the evidentiary issues about which Simms complains.[3]
 {¶ 5} Evid.R. 404(B), which concerns the admissibility of other-acts evidence, provides, "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[4]
 {¶ 6} Because Simms's actions might have appeared somewhat innocuous at first glance, the trial court could have correctly permitted the introduction of the rape conviction to demonstrate both motive and intent to retaliate, as well as to show the legitimacy of the threat of harm Simms presented to the victim by his current conduct.[5] After his release from prison, the acts of following the victim, viewed within the context of Simms's simultaneous verbal threats, and a realistic view of Simms's actions against the victim before his incarceration, would undoubtedly have aided the jury in evaluating the existence of retaliation.
 {¶ 7} Unsurprisingly, Simms relies on the holding in OldChief v. United States[6] that a stipulation concerning the rape conviction should have occurred, thereby preventing the introduction of damaging evidence surrounding the conviction.[7] If the criminal charges alone were sufficient to prove the elements of retaliation, then a stipulation might have been appropriate to avoid any undue prejudice. But because Simms's prior conviction and his actions at the prior proceedings proved additional elements of retaliation, Old Chief does not call for a reversal in this case.
 {¶ 8} Old Chief recognized the risks of a verdict tainted by improper considerations inherent in admitting evidence regarding prior offenses. The Supreme Court stated that it was an abuse of a trial court's discretion to admit the full judgment record over the objections of a defendant when the purpose of that evidence was solely to prove the element of a prior conviction.
 {¶ 9} But there were additional considerations in the present case. The intimate nature of the prior crime, combined with Simms's threats at the prior proceedings, demonstrated more than the mere element of a prior conviction. We must note that R.C.2921.05 contains no requirement for a conviction — merely the filing or prosecution of charges. But Old Chief's logic still applies. To prove retaliation, the prosecution had to show that the offender acted purposely and did so because the victim had filed or prosecuted criminal charges.[8] The victim testified that Simms had made similar threats to her at the previous criminal proceedings and when he confronted her on the street after his release. This evidence appropriately demonstrated Simms's intent and motive.
 {¶ 10} Further, the trial court did not admit the full judgment record. The court only admitted evidence concerning the age of the victim, the victim's immediate reporting of the crime, the nonconsensual nature of the crime, the type of prior crime, and Simms's threats to kill the victim. While the first three facts were irrelevant to the retaliation claim and probably should have been excluded, we cannot say that their introduction into the record was unfairly prejudicial or amounted to an abuse of discretion.[9]
 {¶ 11} Accordingly, the first assignment of error is overruled.
 {¶ 12} In the second assignment of error, Simms contends that the trial court abused its discretion and committed plain error when it failed to provide a limiting instruction regarding the proper evidentiary use of Simms's prior conviction. Plain error occurs when, but for the error, the outcome of the trial clearly would have been different.[10] The Ohio Supreme Court has explained that there are three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial: (1) there must be an error, i.e., a deviation from a legal rule, (2) the error must be plain, meaning that an obvious defect in the trial proceedings occurred, and (3) the error must have affected substantial rights, meaning that the trial court's error must have affected the outcome of the trial.[11] "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."[12]
Clearly the information concerning the rape in this case was essential to the jury for a determination of both intent and the legitimacy of the threat of harm to the victim. On this record, even acknowledging the absence of a limiting instruction of some unspecified wording, we cannot reasonably conclude that the trial result would have been different had an instruction been given. Accordingly, the second assignment of error is overruled.
 {¶ 13} In the third assignment of error, Simms contends that the trial court abused its discretion and committed plain error when it failed to give the jury a limiting instruction regarding inflammatory statements made by the prosecutor during the rebuttal portion of closing argument. When no objection is raised, any challenges to allegedly improper remarks are waived, absent plain error.[13] Whether a prosecutor's remarks constitute misconduct requires an inquiry into (1) whether the remarks were improper, and (2) if so, whether the remarks prejudicially affected the accused's substantial rights.[14] The touchstone of this analysis "is the fairness of the trial, not the culpability of the prosecutor."[15] Moreover, an appellate court must review a closing argument in its entirety to determine whether prejudicial error exists,[16] rather than taking isolated comments by a prosecutor out of context and giving them their most damaging meaning.[17] Having reviewed the closing argument in its entirety, even if the challenged remarks could be construed as improper, we conclude that there was no prejudicial error. Accordingly, the third assignment of error is overruled.
 {¶ 14} In the fourth assignment of error, Simms contends that he did not receive effective assistance of counsel because his counsel failed to object to the prosecutor's inflammatory remarks during the state's closing argument and to ask for a limiting instruction about the use of his prior record. Reversal of convictions for ineffective assistance requires that the defendant show that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) the substandard performance prejudiced the defendant.[18] To show prejudice, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.[19]
After reviewing the record, we hold that counsel's decisions represented reasonable professional judgment. It was not deficient performance by Simms's counsel, but the credibility of the witnesses, that was paramount to the outcome of this case. Accordingly, the fourth assignment of error is overruled.
 {¶ 15} Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Hildebrandt and Painter, JJ., concur.
[1] See State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343, paragraph two of the syllabus.
[2] See State v. Allen, 73 Ohio St.3d 626, 632-633,1995-Ohio-283, 653 N.E.2d 675; State v. Maurer (1984),150 Ohio St.3d 239, 265, 473 N.E.2d 768.
[3] See State v. Barnes, 94 Ohio St.3d 21, 23, 2002-Ohio-68,759 N.E.2d 1240.
[4] See R.C. 2945.59; State v. Broom (1988),40 Ohio St.3d 277, 282, 533 N.E.2d 682.
[5] See State v. McGrath (Sept. 6, 2001), 8th Dist. No. 77896.
[6] (1997), 519 U.S. 172, 117 S.Ct. 644.
[7] While witnesses testified about a few details and consequences of the rape, a stipulation about the rape conviction was agreed to in front of the jury immediately preceding closing argument.
[8] R.C. 2921.05.
[9] See State v. McGrath (Sept. 6, 2001), 8th Dist. No. 77896; State v. Munz, 8th Dist. No. 79576, 2002-Ohio-675.
[10] See State v. Long (1978), 53 Ohio St.2d 91, 96-97,372 N.E.2d 804.
[11] See State v. Noling, 98 Ohio St.3d 44, 56,2002-Ohio-7044, 781 N.E.2d 88, at ¶ 62.
[12] See State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus.
[13] See State v. Allen, 73 Ohio St.3d 626, 639,1995-Ohio-283, 653 N.E.2d 675; State v. Greer (1988),39 Ohio St.3d 236, 530 N.E.2d 382; State v. Underwood (1983),3 Ohio St.3d 12, 444 N.E.2d 1332; see, also, Crim.R. 30(A).
[14] See State v. Noling, 98 Ohio St.3d 44, 61,2002-Ohio-7044, 781 N.E.2d 88, at ¶ 91.
[15] Smith v. Phillips (1982), 455 U.S. 209, 219,102 S.Ct. 940.
[16] See State v. Frazier, 73 Ohio St.3d 323, 342,1995-Ohio-235, 652 N.E.2d 1000.
[17] See Donnelly v. DeChristoforo (1974), 416 U.S. 637, 647,94 S.Ct. 1868.
[18] See Stickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; accord State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373.
[19] See Bradley, paragraph three of the syllabus.