## In re BURTON.

[Cite as *In re Burton,* 160 Ohio App.3d 750, 2005-Ohio-2210.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040244.

Decided May 6, 2005.

⚷ 6

752

Michael K. Allen, Hamilton County Prosecuting Attorney, and Thomas J. Boychan Jr., Assistant Prosecuting Attorney, for appellee.

Kendra M. Cameron, for appellant.

Doan, Presiding Judge.

{¶ 1} Appellant, Matthew Burton, was adjudicated a delinquent child for acts that would have constituted robbery pursuant to R.C. 2911.02(A)(3) if committed by an adult. He now appeals that adjudication.

{¶ 2} The record shows that Burton accosted Japanese exchange student Satoru Suzuki after school and said, "Give me money." Suzuki at first refused but relented and gave Burton money when Burton pulled out a knife. Burton was charged with aggravated robbery as a result of this incident.

{¶ 3} A few weeks later, Suzuki was riding a bus home from school. Burton sat in front of him. After they got off the bus, Burton asked Suzuki, "Do you remember me?" Suzuki was afraid because of the previous incident with the knife. When Suzuki answered "yes," Burton told Suzuki to give him money. Burton then took money and a new headphone set from Suzuki. He told Suzuki to bring more money the next time. Burton was charged with robbery as a result of the second incident.

{¶ 4} The two charges were tried together, along with a charge of possessing a weapon in a school safety zone. Before the trial began, the prosecutor stated that the date of the alleged aggravated robbery was incorrect. She moved to amend the complaint to reflect that the offense had occurred on January 27, 2004, not on January 20, 2004, as originally alleged. The court granted her motion. The prosecutor apparently had confused the date of the offense in the aggravated-robbery complaint with the date of the offense in the complaint charging Burton with possessing a weapon in a school safety zone.

{¶ 5} The evidence showed that Burton could not have committed the aggravated robbery after school on January 27, because the school security officer had taken him into custody at 1:30 p.m. that day on the weapons charge. Consequently, the court acquitted Burton on the aggravated-robbery charge, stating, "[T]estimony shows that he couldn't have done that on the date alleged." The court also stated, "I would say you got your dates wrong. * * * I believe that this incident did occur * * *." Despite the acquittal on the aggravated-robbery charge, the court adjudicated Burton a delinquent child on the robbery charge.

{¶ 6} In his sole assignment of error, Burton now contends that the evidence was insufficient to support the adjudication. He argues that the state failed to prove that he had threatened the immediate use of force, as required by R.C. 2911.02(A)(3) to prove robbery. Essentially, he argues that because he was acquitted of aggravated robbery, the court should not have considered any evidence related to that charge, and his having asked, "Do you remember me?" was not sufficient in and of itself to show a threat of force. This assignment of error is not well taken.

{¶ 7} R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." The test for force or threat of force is objective and relies on the totality of the circumstances. *State v. Bush* (1997), 119 Ohio App.3d 146, 150, 694 N.E.2d 984; *State v. Habtemariam* (1995), 103 Ohio App.3d 425, 429, 659 N.E.2d 850. The force element of the offense of robbery is satisfied "if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." *State v. Davis* (1983), 6 Ohio St.3d 91, 6 OBR 131, 451 N.E.2d 772, paragraph one of the syllabus; *State v. Mitchell*, 2d Dist. No. 19216, 2004-Ohio-1311, 2004 WL 541107, ¶ 14. Further, the threat of violence, compulsion, or constraint need not be direct and explicit. It may be implied from the perpetrator's demeanor and tone of voice. *Bush*, supra, at 150, 694 N.E.2d 984.

{¶ 8} The flaw in Burton's argument is that he contends that the trial court could not have considered any evidence relating to the crime of which he was acquitted. If the court could not have considered that evidence, we might have held that the evidence of threat of force was insufficient. But we are not persuaded that the court was precluded from considering that evidence.

{¶ 9} First, we note that this case presents an unusual situation. The issue of whether evidence submitted to prove one offense can be used to support another usually arises when the state seeks to use evidence that it previously used in a prosecution for a different offense for which the defendant was acquitted and the defendant contends that the Double Jeopardy Clause prevents the introduction of that evidence. In this case, the state sought to use the evidence in the same proceeding but to support a different charge. Nevertheless, the same principles guide our analysis.

{¶ 10} The Double Jeopardy Clause incorporates the doctrine of collateral estoppel, which generally applies in the case of a previous acquittal. *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 444, 683 N.E.2d 1112; *State v. Hogan* (M.C.1998), 92 Ohio Misc.2d 34, 40, 699 N.E.2d 1020. Collateral estoppel means that when a valid, final judgment has determined an issue of ultimate fact, the same parties cannot relitigate that issue. *Dowling v. United States* (1990), 493 U.S. 342, 347, 110 S.Ct. 668, 107 L.Ed.2d 708; *State v. Phillips* (1995), 74 Ohio St.3d 72, 79–80, 656 N.E.2d 643. Nevertheless, "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *United States v. Felix* (1992), 503 U.S. 378, 386, 112 S.Ct. 1377, 118 L.Ed.2d 25.

{¶ 11} Two inquiries are relevant in determining whether collateral estoppel applies. First, what facts were necessarily determined at the first trial?

Second, has the government, in a subsequent trial, tried to relitigate facts that were necessarily established against it in the first trial? *Hogan,* supra, 92 Ohio Misc.2d at 40, 699 N.E.2d 1020, quoting *United States v. Mock* (C.A.5, 1979), 604 F.2d 341, 343.

{¶ 12} Further, when a defendant has been acquitted in a prior proceeding, "courts must ' "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict on an issue other than that which the defendant seeks to foreclose from consideration." ' " *Dowling,* supra, 493 U.S. at 350, 110 S.Ct. 668, 107 L.Ed.2d 708, quoting *Ashe v. Swenson* (1970), 397 U.S. 436, 444, 90 S.Ct. 1189, 25 L.Ed.2d 469, quoting Mayers & Yarbrough, Bis Vexari: New Trials and Successive Prosecutions (1960), 74 Harv.L.Rev. 1, 38–39. In other words, a reviewing court must examine the record of the previous proceeding in order to ascertain which issues were actually decided. *Phillips,* supra, 74 Ohio St.3d at 80, 656 N.E.2d 643. The defendant bears the burden of demonstrating that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding. *Dowling,* supra, 493 U.S. at 350–351, 110 S.Ct. 668, 107 L.Ed.2d 708.

{¶ 13} In this case, the only issue that the court actually decided in granting Burton's Crim.R. 29(A) motion for a judgment of acquittal on the aggravated-robbery charge was that the events that constituted the offense could not have occurred on the date stated in the complaint as amended. It did not decide that the events did not happen or that Burton was not the perpetrator. To the contrary, the court specifically stated that it believed the incident did occur. Consequently, the doctrine of collateral estoppel did not prevent consideration of evidence related to the aggravated robbery.

{¶ 14} Additionally, collateral estoppel does not bar the state's use of other-acts evidence pursuant to Evid.R. 404(B), when the evidence relates to alleged criminal conduct of which the accused has previously been acquitted. *Felix,* supra, 503 U.S. at 386, 112 S.Ct. 1377, 118 L.Ed.2d 25; *Dowling,* supra, 493 U.S. at 348–349, 110 S.Ct. 668, 107 L.Ed.2d 708; *State v. Pence* (Aug. 15, 1995), 12th Dist. No. CA94–11–210, 1995 WL 476196. Consequently, evidence of Burton's holding a knife on Suzuki in the previous incident was relevant other-acts evidence admissible to show Burton's scheme, plan, or system. It also showed why Suzuki had a reasonable fear that caused him to part with his property against his will. See *State v. Shedrick* (1991), 61 Ohio St.3d 331, 337, 574 N.E.2d 1065; *State v. Hirsch* (1998), 129 Ohio App.3d 294, 306, 717 N.E.2d 789; *State v. Simms,* 1st Dist. Nos. C–030138 and C–030211, 2004-Ohio-652, 2004 WL 257246, ¶ 5–6. Thus, the trial court could have properly considered evidence

relating to the first incident to determine whether Burton was the perpetrator of the second robbery and whether a threat of force existed.

{¶ 15} Under the circumstances, we hold that the evidence was sufficient to demonstrate a threat of immediate use of force, and the evidence was, therefore, sufficient to support the adjudication. See *In re Washington* (1996), 75 Ohio St.3d 390, 392–393, 662 N.E.2d 346; *In re Williams* (Dec. 22, 2000), 1st Dist. Nos. C–990841 and C–990482, 2000 WL 1867467. Accordingly, we overrule Burton's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

GORMAN and PAINTER, JJ., concur.