DECISION. *Page 2 
{¶ 1} Appellant Courtney Wells, III, appeals from the juvenile court's adoption of a magistrate's decision adjudicating Wells a delinquent child for felony theft, in violation of R.C. 2913.51, a fifth-degree felony if committed by an adult. Wells had been caught trying to shoplift clothing from a Kenwood Towne Centre department store. Because the magistrate erred in admitting hearsay testimony that established that the value of the stolen items was greater than $500, we reverse Wells's adjudication for felony theft and remand this case for the entry of an adjudication and sentence for misdemeanor theft.
 Facts {¶ 2} Dillard's department store's loss-prevention officer Ronnie Stephens apprehended Wells leaving the store. Wells was wearing a hooded sweatshirt with a Dillard's sales tag still attached. His school book bag was found to contain seven other unidentified articles of Dillard's property. Wells had not paid for any of the items.
 {¶ 3} Stephens prepared an inventory of the stolen items. An unidentified Dillard's manager had read the value of each item to him from the attached price tags. Stephens merely recorded the value of each item. He did not view the price tags. At the magistrate's hearing, over Wells's objection, Stephens testified that the total value of the items read to him by the manager equaled $588. The stolen items were not admitted into evidence, and there was no other testimony establishing the value of the items.
 {¶ 4} Wells filed a written objection to the magistrate's decision, arguing that Stephens's testimony as to the value of the stolen items was hearsay, and thus *Page 3 
that the state had failed to establish the value of the stolen items. Following a hearing at which no new evidence was adduced, the juvenile court overruled Wells's objection and adopted the magistrate's decision. When he had been arrested for the theft, Wells had given the investigating sheriff's deputies a false name. Wells was subsequently adjudicated delinquent for obstruction of official business and falsification. But he has not appealed from those adjudications.
 Hearsay Testimony {¶ 5} Wells contends that the juvenile court erred in not sustaining his objection to the hearsay testimony used to establish the value of the stolen items at $588. We agree. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[1]
Unlike evidentiary rulings that are within a trial court's discretion, the admission of hearsay is reviewed in light of Evid. R. 103(A) and the standard established in Crim. R. 52(A), which provide that any errors are harmless unless the record demonstrates that they affected a party's substantial right.[2]
 {¶ 6} Here, Stephens testified as to what the manager had declared the price of the stolen items to be. While the price of the items as declared on their attached tags was "prima-facie evidence of [their] value,"[3] Stephens never viewed the price tags and had no other direct knowledge of the value of the items. His only knowledge of the value of the items came from the statements of the unidentified store manager. *Page 4 
 {¶ 7} The state's reliance on State v. Rodriguez[4] for the proposition that because Stephens and the manager had "worked together to come to the total value of the stolen goods," Stephens's value testimony was accompanied by sufficient indicia of trustworthiness, is misplaced. In Rodriguez, the court permitted an arresting officer to testify at trial "as to the value of the stolen items by reading the amounts on the price tags."[5] Unlike Stephens, the arresting officer in Rodriguez had himself viewed the price tags. Moreover, inRodriguez, and in the cases cited within that decision, the stolen items, bearing price tags, had been admitted into evidence.[6]
 {¶ 8} Since the state never demonstrated in this case that the store manager was unavailable to testify at trial or that any other hearsay exception applied, Stephens's testimony recounting what the manager had determined the value of the stolen clothing to be was inadmissible hearsay. Since no other evidence of the value of the clothing was properly before the magistrate or the juvenile court, the admission of Stephens's value testimony clearly affected Wells's substantial rights and it should have been stricken.[7] The fourth assignment of error is sustained.
 {¶ 9} Wells also asserts that he was denied his constitutional right to confront his accuser as guaranteed by the Sixth Amendment to the U.S. Constitution when the state failed to produce the store manager at trial.[8] Since we have held that the hearsay rule prohibited the introduction of the value evidence, we reiterate the long-standing principle that a court will not determine a constitutional claim that is *Page 5 
not essential to the disposition of a particular controversy.[9] The third assignment of error is moot.[10]
 Weight and Sufficiency of the Remaining Evidence {¶ 10} Wells next argues that the magistrate and the juvenile court erred in adjudicating him delinquent for felony theft in the absence of competent evidence of the value of the clothing. Wells challenges both the weight and the sufficiency of the evidence adduced to support his adjudication.
 {¶ 11} The test for the sufficiency of the evidence required to sustain a conviction was enunciated by the United States Supreme Court in Jackson v. Virginia.[11] The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[12] The same test applies in juvenile-delinquency adjudications.[13]
 {¶ 12} Wells was charged with a felony of the fifth degree, requiring the state to prove beyond a reasonable doubt that the value of the stolen clothing was at least $500.[14] "[V]alue is an element of the crime."[15] Absent evidence establishing that element, Wells could have been convicted only of the lesser offense of petty theft, a first-degree misdemeanor.[16]
 {¶ 13} In light of our resolution of the fourth assignment of error determining that Stephens's value testimony was impermissible hearsay, we have *Page 6 
reviewed the remainder the record for evidence of the value of the clothing. Finding none, we sustain that portion of the first and the second assignments of error addressed to the value element of Wells's felony-theft adjudication. But the state otherwise adduced ample evidence that Wells had knowingly stolen Dillard's property.[17]
 Conclusion {¶ 14} But the error we have recognized does not mean that Wells is entitled to an acquittal. It only warrants a reduction in the degree of the offense, as the value of the stolen items is not an actual element of the underlying crime of petty theft.[18] Therefore, Wells's felony-theft adjudication is reversed, and this cause is remanded to the juvenile court for a disposition on misdemeanor theft.
Judgment reversed and cause remanded.
HILDEBRANDT, P. J., HENDON and CUNNINGHAM, JJ.
[1] Evid. R. 801(C).
[2] See State v. Sutorius (1997), 122 Ohio App.3d 1, 7, 701 N.E.2d 1, discretionary appeal not allowed (1997), 80 Ohio St.3d 1424,685 N.E.2d 237, citing State v. Sorrels (1991), 71 Ohio App.3d 162, 165,593 N.E.2d 313.
[3] See R.C. 2913.61(E); see, also, State v. Holloman (Sept. 14, 2001), 1st Dist. No. C-000866.
[4] (Apr. 28, 2006), 6th Dist. No. WD-05-026.
[5] Id. at ¶ 20.
[6] See id. at ¶ 19 and 22.
[7] See Evid. R. 103(A) and 802.
[8] See Crawford v. Washington (2004), 541 U.S. 36, 51,124 S.Ct. 1354.
[9] See Hall China Co. v. Pub. Util. Comm. (1977), 50 Ohio St.2d 206,364 N.E.2d 852; State v. Meyer (1988), 61 Ohio App.3d 673, 676,573 N.E.2d 1098.
[10] See App. R. 12(A)(1)(c).
[11] (1979), 443 U.S. 307, 99 S.Ct. 2781.
[12] See id. at 319, 99 S.Ct. 2781; see, also, State v. Conway,108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 36; State v. Waddy
(1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992),506 U.S. 921, 113 S.Ct. 338.
[13] See In re Washington, 75 Ohio St.3d 390, 392, 1996-Ohio-186,662 N.E.2d 346; see, also, In re Burton, 160 Ohio App.3d 750, 756,2005-Ohio-2210, 828 N.E.2d 719, ¶ 15.
[14] See R.C. 2913.02(B).
[15] State v. Holloman, supra.
[16] See R.C. 2913.02(B).
[17] See State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
[18] See State v. Holloman; see, also, State v. Reese,165 Ohio App.3d 21, 2005-Ohio-7075, 844 N.E.2d 873, ¶ 36.
 *Page 1