[Cite as *State v. Franklin*, 2014-Ohio-4152.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                 )
                           )
      PLAINTIFF-APPELLEE,     )
                           )       CASE NO. 13 JE 32
V.                          )
                           )       OPINION
RAYMOND CORTEZ FRANKLIN,   )
                           )
      DEFENDANT-APPELLANT.   )

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common Pleas of Jefferson County, Ohio Case No. 13CR30

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee           Jane M. Hanlin
                                    Prosecuting Attorney
                                    16001 S.R. 7
                                    Steubenville, Ohio 43952

For Defendant-Appellant        Attorney R. Aaron Miller
                                    P.O. Box 166
                                    Wellsburg, West Virginia 26070

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: September 17, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Raymond Cortez Franklin, appeals from a Jefferson County Common Pleas Court judgment convicting him of possession of drugs following his no contest plea.

{¶2} On December 5, 2012, a Jefferson County Grand Jury indicted appellant on one count of trafficking in drugs, a fourth-degree felony in violation of R.C. 2925.03(A)(1)(C)(6)(b); and one count of possession of drugs, specifically possession of heroin in an amount that equals or exceeds one gram but is less than five grams, a fourth-degree felony in violation of R.C. 2925.11(A)(1)(C)(6)(b) (the first indictment). Appellant eventually entered a guilty plea to the first indictment and the trial court entered its judgment of sentence on February 14, 2013.

{¶3} On March 6, 2013, a Jefferson County Grand Jury indicted appellant on one count of possession of drugs, specifically possession of heroin in an amount greater than 10 grams but less than 50 grams, a second-degree felony in violation of R.C. 2925.11(A)(C)(6)(d) (the second indictment). This is the charge at issue in the present appeal.

{¶4} On July 10, 2013, appellant filed a Motion to Dismiss on the Basis of Double Jeopardy or Collateral Estoppel. Appellant argued that the current charge placed him twice in jeopardy for the same offense or act and asked that plaintiff-appellee, the State of Ohio, be estopped from prosecuting him for an act which he had already pleaded guilty to and was sentenced for.

{¶5} The trial court overruled appellant's motion. It found the following. Appellant was arrested on October 23, 2012, and was apparently in possession of two separate amounts of heroin. A 17-unit dose amount was immediately discovered and appellant was charged with possessing that batch of heroin. It is alleged that appellant also had on his person an additional 177 doses of heroin that were not initially located. The state alleges that these 177 doses of heroin remained with appellant as he was transported to the Jefferson County Jail. The state further contends that the heroin remained with appellant's belongings, undetected, until the police received a tip leading to its discovery on January 18, 2013. In the interim, on

December 5, 2012, appellant was indicted for the original and separate 17 doses of heroin. He entered a guilty plea to that indictment.

{¶6} The trial court went on to find that the first indictment alleged 17 doses of heroin, which could not have possibly included the 177 doses alleged in the second indictment. The court found these were separate offenses. The court noted that had the indictments been reversed with the first indictment alleging 177 doses and the second alleging 17 doses, there may have been a possibility that the 17 doses were included in the first 177 doses. But in this case the 17-dose indictment came first and there was no chance that the 177 doses were included in that indictment.

{¶7} Appellant subsequently entered a no contest plea to the second indictment. The court entered findings that appellant was arrested on another drug charge and had the drugs in this case hidden in his underwear when he was booked into jail. Those drugs were later discovered after appellant bragged about it to a cellmate. The offense for which appellant was jailed, leading to the discovery of the drugs in this case, was Case Number 12-CR-211(C). The parties entered into an agreed recommendation of sentence which the court followed. The court then sentenced appellant to two mandatory years in prison.

{¶8} Appellant filed a timely notice of appeal on September 20, 2013.

{¶9} Appellant raises two assignments of error, the first of which states:

THE TRIAL COURT'S DECISION TO OVERRULE APPELLANT'S MOTION TO DISMISS WAS ERROR BECAUSE APPELLANT WAS TWICE PLACED IN JEOPARDY FOR THE SAME OFFENSE IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶10} Appellant argues the second indictment should have been dismissed.

He notes that in both the first and second indictments, he was charged with possession of heroin. He further notes both counts of possession were alleged to have occurred at the same time and place. And he notes that the elements of the offenses are identical except for the amounts of heroin involved, which he claims is an element only for sentencing. Thus, appellant contends the state should have been barred from prosecuting him on the second indictment due to his right against double jeopardy.

{¶11} The Double Jeopardy Clause of the United States Constitution bars multiple prosecutions for the same offense. An appellate court reviews a trial court's denial of a motion to dismiss on double jeopardy grounds de novo. *State v. Grimm*, 5th Dist. No. 13-CA-25, 2014-Ohio-38, ¶12; *State v. Trimble*, 4th Dist. No. 13CA8, 2013-Ohio-5094, ¶5.

{¶12} In determining whether two offenses are actually the same offense for double jeopardy purposes, courts apply the test set out in *State v. Best*, 42 Ohio St.2d 530, 330 N.E.2d 421 (1975). For double jeopardy to apply it must appear that: (1) there was a former prosecution for the same offense; (2) the same person was in jeopardy on the first prosecution; (3) the parties are identical; and (4) the particular offense, on the prosecution of which the jeopardy attached, was such an offense as to constitute a bar. *Id.* at 533.

{¶13} The state offers *State v. Wilder*, 2d Dist. No. 20966, 2006-Ohio-1975, as providing direct support of its position in this case. Wilder was arrested on April 26. At the time of her arrest, Wilder was in a car with two other individuals. She had crack cocaine in her pocket. She was charged with, pleaded guilty to, and was sentenced for possession of crack cocaine in an amount less than one gram. Wilder was then indicted again, this time for possession of crack cocaine in an amount equal to or in excess of 25 grams but less than 100 grams. The second indictment came after Wilder testified at her co-defendant's trial that the crack cocaine located in the console of the car they were in belonged exclusively to her. Wilder was tried and convicted of possessing the second amount of cocaine. Prior to sentencing, she filed

a motion to dismiss the charges alleging a violation of double jeopardy. The trial court overruled her motion finding Wilder was charged with and convicted on two separate charges. She appealed.

**{¶14}** On appeal, the Second District found:

We agree with the trial court that Wilder's possession of the 27 grams of cocaine was a separate and distinct offense from the possession of the one gram of cocaine retrieved from her pocket. Wilder had actual possession of the one gram of cocaine in her pocket. The State lacked evidence to establish Wilder's constructive possession of the distinct 27 grams of cocaine retrieved from the console until she admitted at Hairston's trial that she alone purchased the 27 grams of cocaine earlier that day. Wilder's subsequent indictment and trial was not for the same offense that gave rise to her guilty plea. Each possession charge stemmed instead from distinct acts on the part of Wilder, thus her actual physical possession of one gram of cocaine in her pocket did not bar her prosecution for constructive possession of the 27 grams in the console. Because Wilder's offenses in the two cases were separate and distinct, with separate animus as to each, the trial court did not violate her constitutional right to avoid double jeopardy in overruling her motion for a new trial/dismissal.

*Id.* at ¶11. Thus, the Second District affirmed Wilder's conviction.

**{¶15}** Additionally, in *State v. Brown*, 3d Dist. No. 1-10-31, 2011-Ohio-1461, ¶44, the court concluded the defendant could be sentenced for multiple offenses of possession of cocaine and crack cocaine when police found separate quantities of cocaine and crack cocaine in separate locations, the separate quantities were stored in different types of containers, and the amount of each quantity of drugs differed significantly from the other quantity of drugs.

**{¶16}** In the present case, appellant's second conviction is not barred by the

Double Jeopardy Clause. Like the defendants in *Wilder* and *Brown*, appellant was convicted of possessing two separate and distinct quantities of drugs.

{¶17} The quantity that led to his first indictment and conviction was 17 unit doses of heroin. Appellant was arrested and taken to jail based on this quantity of heroin. At the jail, appellant's personal belongings were placed into storage. Appellant entered a guilty plea to possession of heroin in an amount equal to or greater than one gram but less than 5 grams.

{¶18} After his guilty plea and sentence in the first case, appellant was indicted for possessing an amount of heroin equal to or greater than 10 grams but less than 50 grams. This indictment stemmed from 177 unit doses of heroin allegedly found hidden in appellant's underwear that were with his personal belongings in the jail storage. Police allegedly located this heroin after a tip from an informant. The indictments in both cases allege appellant possessed the quantities of heroin on October 23, 2012, the day of his initial arrest.

{¶19} The two possession offenses with which appellant was charged dealt with separate quantities of heroin. The first 17-dose quantity was found the day appellant was arrested. This was the reason he was arrested. The second 177-dose quantity was not found until months later and was found hidden in appellant's underwear. Thus, the two offenses with which appellant was charged arose from two separate and distinct acts of possession. Therefore, the trial court properly overruled appellant's motion to dismiss.

{¶20} Accordingly, appellant's first assignment of error is without merit.

{¶21} Appellant's second assignment of error states:

APPELLANT'S MOTION TO DISMISS WAS ERROR BECAUSE OF THE DOUBLE JEOPARDY CLAUSE'S ANCILLARY PRINCIPLE OF COLLATERAL ESTOPPEL, OR ISSUE PRECLUSION.

{¶22} Here appellant argues he is entitled to the ancillary protection provided by principles of collateral estoppel and issue preclusion. He contends the state is

attempting to re-litigate the same facts that were present in the first indictment. Appellant asserts: there was a final judgment in the first case; the issue in both cases is the same, the possession of heroin; he admitted in the first case that the allegation of possession of heroin was true; the issue was decided in the first case; and there is privity between the parties in both cases. For these reasons, appellant argues, collateral estoppel bars his prosecution in the second case.

**{¶23}** The doctrine of collateral estoppel prevents the re-litigation of an ultimate fact or issue once it has been determined by a final judgment. The Fifth Amendment's Double Jeopardy Clause incorporates the doctrine of collateral estoppel in criminal proceedings. *State v. Dorsey*, 5th Dist. No. 11 CA 39, 2012-Ohio-611, ¶32, citing *Schiro v. Farley*, 510 U.S. 222, 232, 114 S.Ct. 783 (1994); *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189 (1970).

**{¶24}** Pursuant to the doctrine of collateral estoppel, successive prosecutions will be barred in some circumstances where the second prosecution requires re-litigation of factual issues already resolved by the first prosecution. *State v. Tolbert*, 60 Ohio St.3d 89, 91, 573 N.E.2d 617 (1991), citing *Brown v. Ohio*, 432 U.S. 161, 166-167, 97 S.Ct. 2221, fn.6 (1977), and *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct.2084 (1990). But "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *In re Burton*, 160 Ohio App.3d 750, 2005-Ohio-2210, 828 N.E.2d 719, ¶10, quoting *United States v. Felix*, 503 U.S. 378, 386, 112 S.Ct. 1377 (1992).

**{¶25}** Here, the ultimate issue in the first case was whether appellant possessed the 17 unit doses of heroin. The ultimate issue in the present case is whether appellant possessed the 177 unit doses of heroin allegedly found in his underwear. As the trial court pointed out, there is no way the 177 doses could have been contained in the 17 doses. Appellant was charged with and convicted of two separate acts of possession of heroin. Had the matter gone to trial in this case, there would have been no need to re-litigate whether appellant possessed the 17 doses of heroin. The trial court would have focused on whether appellant possessed the 177

doses of heroin. Thus, the doctrine of collateral estoppel did not bar appellant's prosecution in this case.

{¶26} Accordingly, appellant's second assignment of error is without merit.

{¶27} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.