[Cite as *State v. McGowan*, 2018-Ohio-2247.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0077** |
| ANDRE MCGOWAN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 00378.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Andre McGowan,* pro se, PID: A664-102, Marion Correctional Institution, P.O. Box 57, 940 Marion Williamsport Rd., Marion, OH 43301 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Andre McGowan, has filed a pro se appeal from the October 4, 2017 judgment of the Ashtabula County Court of Common Pleas, dismissing, inter alia, his petition to vacate or set aside judgment of conviction or sentence. We affirm.

{¶2} Appellant was indicted on two counts of robbery, in violation of R.C. 2911.02, felonies of the third degree; two counts of kidnapping, in violation of R.C. 2905.01, felonies of the second degree; one count of theft, in violation of R.C. 2913.02,

a felony of the fifth degree; and one count of grand theft, in violation of R.C. 2913.02, a felony of the fourth degree. Separate jury trials were held because the charges stemmed from two separate incidents and appellant was granted relief from prejudicial joinder. Ultimately, appellant was found guilty on all counts. The trial court sentenced appellant on one count of robbery and one count of kidnapping for a total of 10 years; the remaining counts merged.

{¶3} Appellant appealed and, in *State v. McGowan*, 11th Dist. Ashtabula No. 2015-A-0015, 2015-Ohio-4430, this court affirmed appellant's convictions. Appellant subsequently filed an application for reopening, raising six proposed assignments of error. After finding appellant was deprived of the effective assistance of appellate counsel on appeal regarding the duration of post-release control, this court granted the application, reinstated the appeal, and remanded the case for the trial court to correct the error. After addressing the issue on remand, appellant appealed that judgment and, in *State v. McGowan*, 11th Dist. Ashtabula No. 2016-A-0052, 2017-Ohio-7124, this court affirmed the trial court's judgment.

{¶4} On August 21, 2017, appellant filed the underlying petition and, on October 4, 2017, the trial court dismissed the same. The court noted the petition was appellant's second request to set aside his conviction. And, after considering appellant's assertions, the court determined his arguments raised were barred by the doctrine of res judicata. Appellant now appeals and assigns the following as error:

{¶5} "[1.] The trial court erred to the prejudice of defendant-appellant and committed an abuse of discretion when the trial court failed to rule on pre-trial motion to exclude other acts evidence Rule 404(B) in violation of due process and equal

2

protection of law under the Fourteenth Amendment of the United States Constitution. [Sic.]

{¶6} "[2.] The trial court commit[t]ed an abuse of discretion and revers[i]ble and plain error when it allowed the defendant to proceed to trial with an amended indictment and an indictment essentially different from that found by the grand jury in violation of the Sixth Amendment of the United States constitutional right to be informed of the nature and cause of the accusations against him and the due process and equal protection clause[s] of the United States Constitution.

{¶7} "[3.] The trial court commit[t]ed an abuse of discretion and judicial bias under a separation of power, acting as a second prosecution in ruling on defendant's post-conviction relief pursuant to R.C. 2953.21 and Ohio R. Crim. P. 35 (Martinez v. Ryan) were barred by the doctrine of res judicata after a new sentencing and new judgment entry that goes with it without adjudication of the merits in violation of the due process and equal protection clause[s] of the Fourteenth Amendment of the United Sates Constitution.

{¶8} "[4.] The trial court erred to the prejudice of defendant-appellant and committed an abuse of discretion in not granting relief on this appellant's ineffective assistance of counsel claim, as it is clear that counsel failed to object to the amended indictment and compel the trial court to make findings of fact and conclusions of law on the motion to exclude other acts evidence 404(B) in direct violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution due process and equal protection of law. [Sic.]"

{¶9} A petition for postconviction relief may be dismissed based upon res judicata where the petitioner could have raised the issues asserted in his petition at trial or on direct appeal. *State v. Perry*, 10 Ohio St.2d 175 (1967), at paragraphs seven and eight of the syllabus.

{¶10} "'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'" (Emphasis omitted.) *State v. Szefcyk,* 77 Ohio St.3d 93, 95 (1996), quoting *Perry, supra*, at paragraph nine of the syllabus.

{¶11} Appellant's first and second assignments of error address issues that could have been asserted on direct appeal from appellant's conviction. Any alleged irregularity in the trial court's purported failure to rule on a pretrial motion was apparent at the time appellant filed his direct appeal. Similarly, any issue relating to the sufficiency of the amended indictment was subject to review on direct appeal. *Pishok v. Kelly,* 11th Dist. Trumbull No. 2008-T-0093, 2009-Ohio-287, ¶11 (defective indictment renders conviction voidable, not void). Accordingly, the trial court did not err in dismissing appellant's petition based upon res judicata.

{¶12} Finally, appellant fails to offer any argumentation in support of his third and fourth assignments of error. Pursuant to App.R. 16(A)(7), an appellant is required to include in his appellate brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons

in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." As appellant has advanced nothing in support of his third and fourth assignments of error, they also lack merit.

{¶13} Appellant's four assignments of error are without merit.

{¶14} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

5